# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

ROY A. SIDERS, et al.,

        Plaintiffs,

v.                                 CIVIL ACTION NO.   2:15-cv-13278

20TH CENTURY GLOVE
CORPORATION OF TEXAS, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Remand. (ECF No. 14.) For the reasons provided herein, the Court **GRANTS** this motion. (*Id.*)

### *I.  Background*

This is an action by spouses, Plaintiffs, against a large number of Defendants related to Plaintiff Roy Siders' alleged exposure to asbestos and diagnosis of mesothelioma. On April 30, 2013, Plaintiffs' counsel filed a Master Complaint in the Circuit Court of Kanawha County, West Virginia, pursuant to a case management order for asbestos cases in West Virginia. (ECF No. 1, Ex. A at 10–50.) On August 18, 2015, Plaintiffs filed their Short Form Complaint (the "Complaint") against one hundred and eighty five Defendants. (*Id.* at 2–9.) The Complaint alleges that Plaintiff sued these Defendants "as [a]sbestos [d]efendant [p]roduct [m]anufacturers," "[s]uppliers," "[i]nstallers," or "[d]istributors." (*Id.* at 3.) The Complaint and the Master Complaint

1

do not specify when or how Plaintiff Roy Siders was exposed to asbestos-containing products related to any of Defendants. (*See* ECF No. 1, Ex. A.)

In the Complaint, Plaintiffs allege that Plaintiff Roy Siders was in the United States Navy from 1962 to 1966. (*Id.* at 2.) The Complaint then includes the following disclaimer: "Plaintiff was not exposed to asbestos and is not bringing any claim for exposure to asbestos-containing products during Plaintiff's service in the Navy" (the "Disclaimer"). (*Id.*)

On September 18, 2015, Defendant General Electric Company ("Defendant GE") removed this action to this Court pursuant to 28 U.S.C. § 1442(a)(1). (ECF No. 1.) In its Notice of Removal, Defendant GE asserts that removal is appropriate under Section 1442(a)(1) because it has "government contractor immunity from liability for injuries allegedly arising from exposure to asbestos from turbines, generators and other equipment on board U.S. Navy vessels, insofar as [Defendant] GE constructed or repaired them." (*Id.* ¶ 8.)

On September 29, 2015, Plaintiffs filed the Motion to Remand. (ECF No. 14.) In pertinent part, Plaintiffs argue that remand is warranted because Defendant GE has asserted "a government contractor defense to a non-existent claim" due to Plaintiffs' disclaimer of claims related to Plaintiff Roy Siders' service in the Navy. (*See* ECF No. 15 at 1 & 3.) Defendant GE filed its opposition to the Motion to Remand on October 5, 2015, (ECF No. 17), and Plaintiffs filed their reply brief in support of the Motion to Remand on October 7, 2015, (ECF No. 19). As such, Plaintiffs' Motion to Remand is fully briefed and ready for disposition.

## II. Legal Standard

28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "Although the

grant of jurisdiction in § 1331 is made in language identical to that used in Article III of the Constitution, the Supreme Court has consistently stated that the jurisdiction granted by § 1331 is not in all respects coextensive with the potential for federal jurisdiction found in Article III." *Cross Country Bank v. McGraw*, 321 F. Supp. 2d 816, 818 (S.D. W. Va. 2004). Instead, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*; *cf. Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 13 (1983) ("Even though state law creates [a party's] causes of action, [the] case might still 'arise under' the laws of the United States if a well-pleaded complaint establishes that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties.").

Under the well-pleaded complaint rule, "actions in which defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question." *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). However, "[t]he federal officer removal statute" under 28 U.S.C. § 1442(a)(1) "is a statutory exception to" the well-pleaded complaint rule. *Knuckles v. RBMG, Inc.*, 481 F. Supp. 2d 559, 565 (S.D. W. Va. 2007). The federal officer removal statute "allows a complaint void of a federal question to nonetheless reach the federal forum if the claims arise under the actions of a federal officer." *L-3 Commc'ns Corp. v. Serco Inc.*, 39 F. Supp. 3d 740, 745 (E.D. Va. 2014). In particular, Section 1442(a)(1) permits removal, in pertinent part, by

3

"[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." *See generally Stephenson v. Nassif*, --- F. Supp. 3d ---, Case No. 1:15-cv-1409, 2015 WL 9450614, at *2 (E.D. Va. Dec. 21, 2015) ("[B]y its plain language § 1442(a)(1) provides for the removal of an entire 'civil action,' so removal is not limited only to specific qualifying claims." (citation omitted)); *Houser v. Ammco Tools, a/k/a Hennessy Indus., Inc.*, Civil Action No. RDB–13–1179, 2013 WL 3364377, at *1 n.5 (D. Md. July 2, 2013) (noting that some of the courts of appeals "have held that a federal officer or agency defendant can unilaterally remove a case under 28 U.S.C. § 1442" without the consent of the other defendants (citing *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006) and *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998))). This statute reflects the determination by Congress "that federal officers, and indeed the Federal Government itself, require the protection of a federal forum." *Willingham v. Morgan*, 395 U.S. 402, 407 (1969). "The purpose of this statute is to ensure 'the protection of the exercise of legitimate federal authority by government agents against interference by individual states through their courts . . . .'" *Carter v. Monsanto Co.*, 635 F. Supp. 2d 479, 488 (S.D. W. Va. 2009) (alteration in original) (quoting Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction 3d* § 3727 at 136 (1998)). Additionally, the federal officer removal statute "clearly contemplates that a private actor can claim its protection when it is threatened with liability for actions taken on behalf of a federal officer." *Virden v. Altria Grp., Inc.*, 304 F. Supp. 2d 832, 845 (N.D. W. Va. 2004).

The Supreme Court "has made clear that [Section 1442(a)(1)] must be 'liberally construed.'" *Watson v. Philip Morris Cos.*, 551 U.S. 142, 147 (2007) (quoting *Colorado v. Symes*,

4

286 U.S. 510, 517 (1932)); *Willingham*, 395 U.S. at 406–07 (stating that "[t]he federal officer removal statute is not 'narrow' or 'limited'" and the policy behind this statute "should not be frustrated by a narrow, grudging interpretation of [Section] 1442(a)(1)"). "Thus, the general rule requiring strict construction of removal statutes is inapplicable to cases removed under § 1442(a)(1)." *Smith v. Collection Techs., Inc.*, Civil Action No. 2:15-cv-06816, 2016 WL 1169529, at *2 (S.D. W. Va. Mar. 22, 2016) (citing *Durham*, 445 F.3d at 1252, and *Gordon v. Air & Liquid Sys. Corp.*, 990 F. Supp. 2d 311, 316 (E.D.N.Y. 2014)). *See generally Campbell v. Brook Trout Coal, LLC*, Civil Action No. 2:07-0651, 2008 WL 4415078, at *6 n.9 (S.D. W. Va. Sept. 25, 2008) (discussing reasons why courts should broadly construe the federal officer removal statute when the immunity of either federal officers or government contractors "is at issue"). Nonetheless, "[i]t is the removing defendant's burden to establish federal jurisdiction under the federal officer removal statute." *Knuckles*, 481 F. Supp. 2d at 566 (citing *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998)); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal." (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921))).

"To qualify under [S]ection 1442(a)(1), a defendant must: (1) be a 'person' within the meaning of the statute; (2) act under the direction of a federal officer; (3) show a nexus or 'causal connection' between the alleged conduct and the official authority; and (4) have a colorable federal defense." *Knuckles*, 481 F. Supp. 2d at 565–66 (citing *Watson*, 420 F.3d at 855, and *Virden*, 304 F. Supp. 2d at 843). "When a case has been properly removed under § 1442(a), the district court may remand it back to state court *only* if it thereafter discovers a defect in removal procedure or a

lack of subject matter jurisdiction in the federal court." *Jamison v. Wiley*, 14 F.3d 222, 238–39 (4th Cir. 1994) (citing 28 U.S.C. § 1447(c)).

### *III. Discussion*

Plaintiffs argue that Defendant GE incorrectly removed this action pursuant to the federal officer removal statute under 28 U.S.C. § 1442(a)(1) and, as such, the Court should remand this matter. (*See* ECF No. 15 at 1 & 3; ECF No. 19 at 1–3.) The Court agrees.

The focus of the present disagreement between Plaintiffs and Defendant GE pertains, in relevant part, to whether Defendant GE's removal of this action satisfies the "colorable federal defense" requirement under Section 1442(a)(1). (*See* ECF No. 15 at 3; ECF No. 17 at 4; ECF No. 19 at 2–3.) "The Supreme Court has interpreted § 1442(a)(1) as guaranteeing a federal officer the right to remove an action commenced against him in state court when he can allege a 'colorable' federal defense to that action 'arising out of [his] duty to enforce federal law.'" *Jamison*, 14 F.3d at 238 (quoting *Mesa v. California*, 489 U.S. 121, 133 (1988)). "The defendant need not prove that he will actually prevail on his federal immunity defense in order to obtain removal; indeed, 'one of the most important reasons for removal is to have the validity of the [federal] defense of official immunity tried in a federal court.'" *Id.* (quoting *Mesa*, 489 U.S. at 133). "By raising a colorable federal defense in his removal petition, the [defendant] transforms the otherwise nonremovable state-law action into one that falls within the federal court's 'arising under' jurisdiction." *Id.* at 239 (citing *Mesa*, 489 U.S. at 136–37). "That the federal court ultimately rejects the federal defense that supported removal under § 1442(a)(1) does not mean that it thereby loses subject matter jurisdiction over the removed action," as "the jurisdiction of the federal courts over a properly removed action will not be defeated by later developments in the suit." *Id.* (citation omitted).

6

Nonetheless, "federal officer removal must be predicated on the allegation of a colorable federal defense." *Mesa*, 489 U.S. at 129. "[A] defendant cannot satisfy [the] requirement that he demonstrate a colorable federal defense . . . 'if the underlying facts averred, or . . . existing on the whole record before the court' . . . make clear that he cannot possibly make out a colorable federal defense." *Jamison*, 14 F.3d at 238 n.17 (quoting *North Carolina v. Ivory*, 906 F.2d 999, 1001 n.4 (4th Cir. 1990)); *see, e.g.*, *Kelleher v. A.W. Chesterton Co.*, Case No. 15-CV-893-SMY-SCW, 2015 WL 7422756, at *2 (S.D. Ill. Nov. 23, 2015) ("There must be claims against which a federal defense is cognizable."); *Pratt v. Asbestos Corp.*, No. C–11–3503 EMC, 2011 WL 4433724, at *2 (N.D. Cal. Sept. 22, 2011) (same).

In the Master Complaint, Plaintiffs allege that Plaintiff Roy Siders was exposed to the "asbestos-containing products" of "various Defendants" at his "jobsites or . . . locales." (ECF No. 1, Ex. A at 11.) Defendant GE asserts that "one of [Plaintiff Roy] Siders' locales was the USS Charles R. Ware, a United States Navy destroyer equipped with [Defendant GE's] turbines and supplemental turbine generators." (ECF No. 17 at 2.) Defendant GE further argues that it "has a federal defense to" Plaintiffs' claims—namely, "government contractor immunity from liability for injuries allegedly arising from exposure to asbestos from turbines, generators and other equipment on board U.S. Navy vessels, insofar as [Defendant] GE constructed or repaired them." (*Id.* at 4.) Plaintiffs respond that Defendant GE is asserting "a government contractor defense to a non-existent claim," as the Complaint includes a provision disclaiming "any claim for exposure to asbestos-containing products during Plaintiff's [s]ervice in the Navy." (ECF No. 15 at 1; *see also* ECF No. 19 at 2–3 ("Because Plaintiffs brought no claims in this action in relation to [Plaintiff Roy] Siders' naval service, [Defendant] GE has no federal officer defense.").)

7

The central issue of contention between Plaintiffs and Defendant GE is thus whether Plaintiffs' Disclaimer in the Complaint precludes Defendant GE's government contractor immunity defense and, correspondingly, the basis for the removal of this action. Federal district courts addressing disclaimer provisions in similar actions have "recognize[d] a distinction between artful pleading for purposes of circumventing federal officer jurisdiction, and express disclaimers of the claims that serve as the grounds for removal under Section 1442(a)(1)." *Dougherty v. A O Smith Corp.*, Civil Action No. 13–1972–SLR–SRF, 2014 WL 3542243, at *10 (D. Del. July 16, 2014). As to the first category of disclaimer provisions, numerous courts found that disclaimers did not defeat removal where (1) the disclaimer generally purported to waive federal claims or any potential basis for federal officer removal jurisdiction, *see, e.g.*, *Kite v. Bill Van Co.*, Civil Action No. 11–0444–WS–N, 2011 WL 4499345, at *2 (S.D. Ala. Sept. 29, 2011) (denying the plaintiff's motion to remand where the plaintiff did "not disclaim suit as to all exposure on Navy vessels but only those exposures which, in his own estimation, occurred as a result of a defendant's operation within the bounds of Section 1442(a)"); *Marley v. Elliot Turbomachinery Co.*, 545 F. Supp. 2d 1266, 1275 (S.D. Fla. 2008) (declining "to find that the plaintiffs can defeat a government contractor's right to remove by disclaiming any claim arising from any act or omission compelled by a government agency" because "[s]uch a circular disclaimer would defeat the purpose [of] § 1442(a)(1) as it would force federal contractors to prove in state court that they were acting under the direction of the government"); or (2) the plaintiffs sought to hold the defendant liable for acts or omissions related to its asserted official authority in contravention to the language of the disclaimer, *see, e.g.*, *In re Asbestos Prods. Liability Litig. (No. VI)*, 770 F. Supp. 2d 736, 742–43 (E.D. Pa. 2011) (finding that the plaintiffs' disclaimer provision did not defeat removal where the

8

disclaimer purported to exclude any acts or omissions of the defendants "committed at the specific and proven direction of an officer of the United States government acting in his official capacity," yet "the only claims alleged against" the removing defendant arose "from exposure on U.S. Naval ships at U.S. Naval shipyards . . . for which [the defendant] has a 'colorable' federal defense"); *Redman v. A.W. Chesterton Co.*, No. 08-03013 JSW, 2008 WL 4447729, at *3 (N.D. Cal. Sept. 30, 2008) (finding that a disclaimer did not defeat removal where the disclaimer purported to "disclaim any cause of action or recovery against [the defendant] for any injuries from exposure to asbestos containing dust caused by any acts or omissions of a party committed at the direction of an officer of the United States Government," but the plaintiffs nonetheless sought "damages arising out of [the plaintiff's] exposure to asbestos while maintaining and repairing marine distilling plants produced by [the defendant] on Navy ships"); *Despres v. Ampco-Pittsburgh Corp.*, 577 F. Supp. 2d 604, 607–08 (D. Conn. 2008) (finding that the plaintiff's disclaimer did not prevent removal where the disclaimer purported to waive all federal claims, "including any claim arising from an act or omission . . . of any federal officer of the U.S. or any agency or person acting under him occurring under color of such office," yet the plaintiffs still sought "to hold [the defendant] liable for the asbestos exposure traceable to [the plaintiff's] work for the Navy").

      However, in the second category of disclaimers, "federal courts have consistently granted motions to remand where the plaintiff expressly disclaimed the claims upon which federal officer removal was based." *Dougherty*, 2014 WL 3542243, at *10; *see, e.g.*, *Kelleher*, 2015 WL 7422756, at *3 (remanding the case involving allegations of exposure to asbestos where, "[i]n the complaint and the notice of disclaimer, [the plaintiff] has made clear statements that his claims do not include any work performed while in the military or on military machinery"); *Hayden v. 3M Co.*, Civil

Action No. 15–2275, 2015 WL 4730741, at *4 (E.D. La. Aug. 10, 2015) (finding that remand was warranted in an asbestos case where the plaintiff's "disclaimer eliminates any cause of action related to exposure while [the plaintiff] was in the Navy and the only valid grounds for removal relate to that specific time period"); *Phillips v. Asbestos Corp.*, No. C 13–5655 CW, 2014 WL 794051, at *2 (N.D. Cal. Feb. 26, 2014) (remanding asbestos case where the plaintiff "expressly disclaimed and waived any claim arising out of or related to any asbestos exposure aboard federal jobsites and navy vessels"); *Madden v. A.H. Voss Co.*, No. C 09–03786 JSW, 2009 WL 3415377, at *2–3 (N.D. Cal. Oct. 21, 2009) (finding that a disclaimer defeated removal jurisdiction where the disclaimer stated that the "[p]laintiff's claims against [a specific defendant] exclude [the] plaintiff's asbestos exposure at military and federal government jobsites and aboard U.S. navy vessels"). *See generally Dougherty*, 2014 WL 3542243, at *15 ("[T]he parties have not identified, nor is the court aware of, any case in which a federal court has rejected on the merits an express disclaimer of claims relating to asbestos exposure on federal jobsites and military vessels/aircrafts."). In these cases, the courts "found that the disclaimers at issue explicitly renounced claims of a specific nature and thus were dissimilar from other invalid disclaimers that merely attempted [to] circumvent federal jurisdiction." *Hayden*, 2015 WL 4730741, at *3 (citation omitted).

In the present matter, Plaintiffs' Disclaimer is broad and excludes any claims related to Plaintiff Roy Siders' naval service. In particular, the Disclaimer provides that "Plaintiff was not exposed to asbestos and is not bringing any claim for exposure to asbestos-containing products during Plaintiff's service in the Navy."[1] (ECF No. 1, Ex. A at 1.)

---

[1] The Court notes that the Disclaimer references only a "Plaintiff," while both Roy Siders and his spouse, Nancy Siders, are Plaintiffs in this action. (*See* ECF No. 1, Ex. A at 2.) However, on the same page as the Disclaimer, the

The Court finds that this express Disclaimer of certain claims fits squarely within the second category of disclaimers discussed above and operates to defeat Defendant GE's basis for removal. Defendant GE's sole basis for removal is "government contractor immunity from liability for injuries allegedly arising from exposure to asbestos from turbines, generators and other equipment on board U.S. Navy vessels." (ECF No. 1 ¶ 8.) However, Plaintiffs have disclaimed all of their claims arising out of Plaintiff Roy Siders' potential exposure during his tenure in the Navy and Defendant GE does not argue that Plaintiffs have otherwise pursued claims or theories of liability in contravention to this Disclaimer. *Cf. In re Asbestos Prods. Liability Litig. (No. VI)*, 770 F. Supp. 2d at 742–43 (finding that the plaintiffs' disclaimer was "not effective to defeat [the defendant's] entitlement to a federal forum for the adjudication of the federal defense proffered" where "the only claims" the plaintiffs raised against the defendant were in contravention to the disclaimer). Furthermore, Defendant GE does not assert that Plaintiff Roy Siders was exposed to the products Defendant GE provided to the Navy outside of the time period covered by the disclaimer—*i.e.*, outside of Plaintiff's tenure in the Navy. Thus, Defendant GE's asserted government contractor immunity defense pertains to claims that simply do not exist in this case. "To deny remand of this case would affirm [Defendant GE's] right to assert a defense against a claim that does not exist." *Kelleher v. A.W. Chesterton Co.*, Case No. 15-CV-893-SMY-SCW, 2015 WL 7422756, at *2 (S.D. Ill. Nov. 23, 2015). The Court declines to affirm such a right where Plaintiffs' Disclaimer eviscerated Defendant GE's proffered federal defense.[2] *See, e.g.*, *id.* at *2–3.

---

Complaint identifies the "Plaintiff" as Roy Siders. (*See id.*) The Court therefore finds that the disclaimer refers to Plaintiff Roy Siders and not his spouse.

[2] The Court notes that Plaintiffs provide the following general assertion in the Complaint: "Plaintiffs in no way waive any rights to amend his/her Complaint or to assert any allegation, fact, or theory of recovery peculiar to his/her case."

As Defendant GE clearly did not have a colorable or cognizable federal defense at the time of removal, it has failed to meet the requirements of the federal officer removal statute under Section 1442(a)(1). *See, e.g.*, *Knuckles v. RBMG, Inc.*, 481 F. Supp. 2d 559, 565–66 (S.D. W. Va. 2007) (providing, in part, that "[t]o qualify under [S]ection 1442(a)(1), a defendant must . . . have a colorable federal defense." (citations omitted)). The Court therefore finds that Defendant GE's removal of this matter was defective and remand is warranted. *See, e.g.*, *Jamison v. Wiley*, 14 F.3d 222, 238–39 (4th Cir. 1994).

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand. (ECF No. 14.) Accordingly, the Court **REMANDS** this case to the Circuit Court of Kanawha County, West Virginia. The Court **DIRECTS** the Clerk to remove this matter from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Opinion to counsel of record and any unrepresented party. The Court further **DIRECTS** the Clerk to send a certified copy of this Opinion to the Clerk of Court for the Circuit Court of Kanawha County, West Virginia.

ENTER: April 29, 2016

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

(ECF No. 1, Ex. A at 8.) As noted above, Defendant GE does not argue that Plaintiffs have raised any claims or theories of recovery in contravention to the Disclaimer. (*See* ECF No. 1; ECF No. 17.) However, if Plaintiffs "later attempt[] to reverse course" and assert claims or theories of recovery in contravention to the Disclaimer "and [are] allowed to do so by the state court despite [the] express" Disclaimer, Defendant GE "can remove once again." *Phillips v. Asbestos Corp.*, No. C 13–5655 CW, 2014 WL 794051, at *2 (N.D. Cal. Feb. 26, 2014).